UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NATIONAL ARBOR DAY FOUNDATION,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*,<br><br>*Defendants*. | Civ. A. No. 26-1732 (CRC) |

**DEFENDANTS' MOTION TO STAY,
OR ALTERNATIVELY, TO EXTEND TIME TO RESPOND
TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendants respectfully move this Court to stay this grant termination case until the D.C. Circuit's resolution of jurisdictional question as to whether the Tucker Act precludes district court jurisdiction. The en banc Circuit is currently considering cases that present this jurisdiction question: *Vera Inst. of Justice, et al. v. Dep't of Justice, et al.,* D.C. Cir. No. 25-5248; *Climate United Fund, et al. v. Citibank,* D.C. Cir. No. 25-5122 (consolidated on appeal with *Climate United Fund, et al. v. Citibank, et al.,* D.C. No. 25-5123). Plaintiff opposes this request.

Alternatively, Defendants respectfully move this Court to extend Defendants' time to respond to Plaintiff's Motion for Preliminary Injunction ("Pl. Mem.," ECF No. 8-1). At present, the current deadline is June 12, 2026. Defendants seek a two-week extension through June 26, 2026. Plaintiff opposes this request.

This case concerns USDA's February 14, 2025, alleged termination of a grant. Compl. (ECF No. 1) ¶ 2. Fifteen months later, Plaintiff initiated this case to challenge the termination; Plaintiff asserts various APA and constitutional theories. *Id.* ¶¶ 94-161. Plaintiff seeks declaratory and injunctive relief, in essence, to order Defendants to restore the grant. *Id.* at 27.

On June 5, 2026, Plaintiff moved for a preliminary injunction seeking essentially the same relief. On the same day, June 5, 2026, Defendants' counsel contacted Plaintiff's counsel by email seeking consent to an extension for Defendants to respond to the motion. Counsel for the parties met and conferred on June 5, 8, and 9, 2026, prior to Defendants filing this motion. In communications on June 9 and June 10, Plaintiff informed undersigned that Plaintiff opposes the relief requested in this motion.

## I. Motion to Stay Proceedings

The Court should stay this case until further order and require the parties to file a joint status report within fourteen days of the D.C. Circuit's disposition of "*Vera Inst. of Just. v. Dep't of Just.*, No. 25-5248, or of *Climate United Fund v. EPA*, Nos. 25-5122 and 25-5123[.]" Min.

Order (Mar. 25, 2026), *Butter bee Farm v. Dep't of Agriculture*, Civ. A. No. 25-0737 (RC) (D.D.C.); *see also* Min. Order (Dec. 8, 2025), *Building Material Re-Use Ass'n v. EPA*, Civ. A. No. 25-2493 (ABJ) (D.D.C.). This Court has adopted this approach in a similar grant case raising similar issues, *see* Order (Jan. 23, 2026), *Harris Cnty., Tx. v. Kennedy*, Civ. A. No. 25-1275 (CRC) (D.D.C.).

A core issue in this case is whether the Tucker Act precludes this Court's jurisdiction to hear the plaintiffs' APA claims. *See* Pl. Mem., generally. A decision from the Circuit on jurisdiction could resolve the core of the claims in this case, obviating the need for further proceedings in this case. Given that the D.C. Circuit is considering those cases on an expedited basis, the *en banc* court already heard argument at the end of February 2026, and a decision is likely to issue soon, a temporary pause in this case would serve the interest of justice by conserving the parties' and the Court's resources.

**II. Motion to Extend Time to Respond to Plaintiff's Preliminary Injunction Motion**

If the Court declines to stay the case, Defendants respectfully request additional time to file a brief in opposition to Plaintiff's Motion for Preliminary Injunction (ECF No. 8-1). Defendants request a two-week extension, i.e., from June 12, 2026 through June 26, 2026.

An earlier deadline, unfortunately, is unrealistic. Undersigned counsel must attend to numerous competing deadlines, to include taking and defending previously-scheduled depositions, preparing motions and opposition briefs, and resolving disputes in other cases. Defendants' briefing will require review by both agency counsel and a DOJ supervisor, whose schedules are similarly congested. At bottom, rather than agree to an unrealistically ambitious briefing schedule, Defendants propose a realistic schedule. To accommodate an earlier schedule would likely require seeking extensions in other previously filed matters, which necessarily prejudices the plaintiffs in

those lawsuits. *Cf. Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 614 (D.C. Cir. 1976) ("We have no doubt that the Government officials would comply promptly and faithfully with any order this court issued giving preferential, expedited treatment to the request of Open America. They would, of course, given their finite human and financial resources, do so by taking personnel away from other prior requests which the FBI is now engaged in processing.").

Moreover, Plaintiff would not be prejudiced by a two-week extension for Defendants to respond to Plaintiff's motion. While Plaintiff has moved for a preliminary injunction, any emergency is of its own making because Plaintiff waited 15 months to initiate this case – meaning that no emergency exists and Plaintiff cannot establish the required element of irreparable harm. *Fund for Animals v. Frizzell*, 530 F.2d 982, 987 (D.C. Cir. 1975) (finding that a forty-four-day delay in seeking injunctive relief bolstered the denial of an injunction, particularly because the plaintiff had knowledge of the alleged irreparable harm).[1]

Therefore, should the Court decline to stay the case, Defendants respectfully request a two-week extension, i.e., from June 12, 2026 through June 26, 2026, to file a brief in opposition to Plaintiff's Motion for Preliminary Injunction (ECF No. 8-1).

For the reasons stated in this motion, Defendants respectfully request that this Court stay all proceedings. Alternatively, Defendants respectfully request that the Court extend Defendants' time to respond to Plaintiff's motion for preliminary injunction by two weeks, i.e., from June 12, 2026 through June 26, 2026.

---

[1] Defendants note that it is entirely questionable whether Plaintiff even has standing to bring this case because the grant "requires Arbor Day to administer subawards to 47 subrecipients" and the funds are only "passed through to predetermined municipalities[.]" Pl. Mem. (ECF No. 8-1) at 15. Plaintiff therefore appears to impermissibly assert injuries of third parties not before the Court. Plaintiff does not appear to explain what concrete injury it suffers from the alleged cancelation of the grant.

Dated: June 10, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Dimitar P. Georgiev*
DIMITAR GEORGIEV-REMMEL
Bar #1735756
CATHERINE J. MALYCKE
VA Bar No. 84952
Assistant United States Attorneys
601 D Street, NW
Washington, D.C. 20530
Tel: (202) 809-3495

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE NATIONAL ARBOR DAY FOUNDATION,

*Plaintiff*,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*,

*Defendants*.

Civ. A. No. 26-1732 (CRC)

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' motion to stay the case, and the entire record herein, it is hereby

ORDERED that Defendants' motion is GRANTED; it is further

ORDERED that this case is stayed until further order of this Court, or

ORDERED that Defendants shall respond to Plaintiff's motion by June 26, 2026.

SO ORDERED:

DATED

CHRISTOPHER R. COOPER
United States District Judge